## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **HAL H. HARRIS and TERRENCE A. COLBERT,** | : | |
| **Appellants** | : | **CIVIL ACTION NO. 3:23-CV-744** |
| **v.** | : | **(JUDGE MANNION)** |
| **LETICIA R. COUTTIEN,** | : | |
| **Appellee** | : | |

## MEMORANDUM

This is an appeal from Chief Bankruptcy Judge Henry W. Van Eck's April 25, 2023 order, (Doc. 169, Case No. 5:14-bk-2262) (the "April Order"), denying Appellants' motion to extend time to file a notice of appeal, (Bankr. Doc. 152), from Judge Van Eck's March 1, 2023 order, (Bankr. Doc. 148) (the "March Order"), granting injunctive relief against Appellants.

## I.     BACKGROUND[1]

Appellee filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §701 *et seq.*, in May 2014. (Bankr. Doc. 1).

---

[1] The case in the United States Bankruptcy Court for the Middle District of Pennsylvania is No. 5:14-bk-2262. References to the Bankruptcy Court docket will be designated "Bankr. Doc.," and references to the District Court docket "Doc.".

Appellants instituted an adversary proceeding against Appellee, seeking a declaration of non-dischargeability and other relief. (Bankr. Doc. 52). Appellee was granted a discharge in December 2015, (Bankr. Doc. 71), the Bankruptcy Court *sua sponte* vacated the entry of discharge several weeks later, (Bankr. Doc. 77), discharge was again granted in June 2018, (Bankr. Doc. 84), and the adversary proceeding was closed. (Bankr. Doc. 83).

Appellee moved to reopen her bankruptcy case in January 2022, alleging that Appellants had violated the discharge injunction. (Bankr. Doc. 89). This motion was granted and the Bankruptcy case was reopened. (Bankr. Doc. 91).

Appellee then moved the Bankruptcy Court to hold Appellants in contempt and grant injunctive relief. (Bankr. Doc. 105). The court held three nonconsecutive days of evidentiary hearings, and in a written opinion found that Appellants had violated the discharge injunction. (Bankr. Doc. 147). By a March 1, 2023 order, it granted Appellee's request for injunctive relief but denied her motion for contempt. (Bankr. Doc. 148).

On March 20, 2023, because the 14-day time limit for filing a notice of appeal had passed, Fed. R. Bankr. P. 8002(a)(1), Appellants filed a timely motion to extend the time to file a notice of appeal from that order. (Bankr. Doc. 152). *See* Fed. R. Bankr. P. 8002(d)(1)(B) ("[T]he bankruptcy court may

extend the time to file a notice of appeal upon a party's motion that is filed …
within 21 days after [the time prescribed by Rule 8002], if the party shows
excusable neglect."). The Bankruptcy Court held a hearing regarding
Appellant's extension motion on April 25, 2023, and denied it. (Bankr. Doc.
168; Bankr. Doc. 169).

Appellants timely filed a notice of appeal from the Bankruptcy Court's
April Order, (Doc. 1), a statement of issues on appeal, (Doc. 2), and,
following three extensions, a supporting brief. (Doc. 16). Though it was due
on October 11, 2023, Appellee has filed no brief.

## II.    LEGAL STANDARD

The court has jurisdiction under 28 U.S.C. §158(a)(1). It reviews "the
bankruptcy court's legal determinations *de novo*, its factual findings for clear
error and its exercise of discretion for abuse thereof." *In re Trans World
Airlines*, *Inc.*, 145 F.3d 124, 131 (3d Cir. 1998).

The time to file a notice of appeal from a final order of a bankruptcy
judge may be extended on timely motion if the moving party "shows
excusable neglect." Fed. R. Bankr. P. 8002(d)(1)(B). "[T]he question of
excusable neglect under Rule 8002(d)(1) is … left to the discretion of the
bankruptcy court." *Larson v. Bayer*, 558 B.R. 722, 731 (E.D. Pa. 2016)

(quoting *In re Kaplan*, 482 Fed App'x 704, 707 (3d Cir. 2012) (non-precedential)).

"An abuse of discretion occurs when the court bases its opinion on a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact." *In re Prosser*, 777 F.3d 154, 161 (3d Cir. 2015). This is a "deferential standard of review." *In re Nutraquest, Inc.*, 434 F.3d 639, 645 (3d Cir. 2006). "The test is not what this court would have done under the same circumstances"; instead, to disturb an exercise of discretion, "[t]he court must feel that only one order could have been entered on the facts." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 320 (3d Cir. 2001). So the possibility "that this court may have reached a different conclusion does not mean that the Bankruptcy Court abused its discretion." *In re MicroBilt Corp.*, Nos. 13-6323, 14-609, 2014 WL 2711172, at *8 (D.N.J. June 16, 2014) (citing *United Telegraph Workers, AFL-CIO v. Western Union Corp.*, 771 F.2d 699, 703 (3d Cir. 1985)); *see also Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007) ("An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case.").

The determination whether a party's neglect of the deadline to file a notice of appeal was excusable is "an equitable one, taking account of all

relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). It involves consideration of four factors: "the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith." *In re O'Brien Env't Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999) (quoting *Pioneer*, 507 U.S. at 395).

### III.   DISCUSSION

#### a. Appellee's failure to file brief

The court first considers the consequence of Appellee's failure to file a brief. The Federal Rules of Bankruptcy Procedure do not establish a sanction for such a failure, but courts confronted with this situation have consulted the Federal Rules of Appellate Procedure for guidance. *See, e.g.*, *In re Rauso*, 212 B.R. 242, 243–44 (E.D. Pa. 1997). Because "an appellee who fails to file a brief" in the Courts of Appeals "will not be heard at oral argument," Fed. R. App. P. 31(c), a similar sanction has been contemplated in the context of a bankruptcy appeal. *In re Rauso*, 212 B.R. at 244. This type of sanction is

unnecessary here, however, because the court can resolve this appeal based on the record before it.

### b. Appellants' arguments

Appellants first point out that their multiple requests for ECF access, (Bankr. Doc. 97; Bankr. Doc. 128), were denied, (Bankr. Doc. 98; Bankr. Doc. 138). (Doc. 16 at 11). They posit that had these motions been granted, they would have received the March Order earlier and filed a timely notice of appeal. (Doc. 16 at 11). They further assert that they did not receive the March Order by mail until March 18, 2023, at which point the 14-day time limit had elapsed. (Id.).[2]

Appellants also suggest that because Judge Van Eck found that three of the four *Pioneer* factors weighed in their favor, their motion should have been granted. (Doc. 16 at 11–12). They argue that Judge Van Eck misapplied *In re Investors & Lenders, Ltd.*, 169 B.R. 546 (Bankr. D. N.J. 1994) and *In re Kaplan*, 482 Fed. App'x 704 (3d Cir. 2012) (non-precedential) because, unlike the moving parties in those cases, they did not know what the decision on Appellee's motion for injunctive relief would be until they received the March Order.

---

[2] Appellants so testified during the April 25, 2023 hearing. (Bankr. Doc. 182 at 11:18–19, 16:2–3).

Finally, Appellants argue that the Bankruptcy Court erred in denying their motion because Appellee did not oppose it and failed to appear at the April 25th hearing. (Doc. 16 at 15). They contend that the Bankruptcy Court defied precedent by nevertheless denying their motion and requiring them to satisfy the "excusable neglect" standard, and "showed bias" by rigidly applying that standard. (Doc. 16 at 16).

### c. Bankruptcy Court's reasoning

The Bankruptcy Court found that an extension would not prejudice Appellee, (Bankr. Doc. 182 at 28:15–16), and that the length of delay did not weigh against granting an extension. (Id. at 29:3–8).

As to the third factor, the reason for the delay, the Bankruptcy Court explained that "when a litigant is aware that the Bankruptcy Court intends to enter an order, the fact that the litigant does not timely receive that order from the Bankruptcy Court will not render the litigant's failure to timely file an appeal excusable." (Id. at 29:15–24 (quoting *Kaplan*, 482 Fed. App'x at 708)). It further noted that "confusion regarding the deadline to file a notice of appeal is not considered excusable neglect, even for a pro se litigant, (id. at 29:25–30:4 (citing *In re Woskob*, 96 Fed App'x 794, 796 (3d Cir. 2004) (non-precedential))), and that "[t]he Third Circuit has 'never held that courts' obligations to liberally interpret pro se pleadings justifies ignoring deadlines

- 7 -

for filing an appeal.'" (Id. at 30:5–9 (quoting *In re Amer Metrocomm Corp.*, 196 Fed. App'x 86, 87–88 (3d Cir. 2006)).

The Bankruptcy Court reasoned that "like the appellants in *Investors & Lenders* and … *In re Bayer*, [527 B.R. 202 (Bankr. E.D. Pa. 2015)], the movants here were aware of this Court's impending judgment given that they were present at the September 7th, 2022 hearing when this Court announced that it was taking this matter under advisement and that the litigants would be hearing from the Court as soon as that decision was made." (Id. at 31:6–12). It added that "the parties are obligated to check the docket and failed to explain why they didn't" and that "[h]ad they done so, they would have been aware." (Id. at 31:13–17).

The Bankruptcy court found that "the [Appellants] had an obligation to monitor the Bankruptcy Court's docket and that their failure to do so, knowing that a decision was coming based on the … September 7th, 2022 [hearing] … because they were aware of it and they did not check it, they failed to meet their burden under this critical third element." (Id. at 31:19–25). Having explained that "the third element is the most critical," (id. at 6:3–4), and that "[c]ourts 'often focus on the third factor,'" (id. at 30:15–16 (quoting *In re Bayer*, 527 B.R. 202, 209 (Bankr. E.D. Pa. 2015))), the Bankruptcy Court declined to consider the fourth factor, good faith, because it concluded that

even if that factor was satisfied, Appellants would have failed to show excusable neglect. (Id. at 32:1–5). It therefore denied Appellants' motion. (Id. at 32:13–15; Bankr. Doc. 182).

### d. Analysis

At the outset, the court details a relevant but ultimately unconvincing distinction highlighted by Appellants.

The Bankruptcy Court held three non-consecutive days of hearings on Appellee's motion for contempt and injunctive relief. (Bankr. Docs 137; 138; 139). At the conclusion of the third day, September 7th, 2022, the Bankruptcy Court advised the parties that it was going to take the matter under advisement instead of ruling from the bench. (Bankr. Doc. 139 at 113:11–12). It did not announce what the decision would be or when it would be issued. (See id. at 115:4–6 ("I'll take it under advisement, and you'll be hearing from me as soon as I make a decision.")).

In *In re Investors & Lenders*, the appellants had moved the bankruptcy court to extend the time for filing a notice of appeal from that court's decision granting summary judgment against it regarding the validity of certain liens. 169 B.R. at 548. They argued that excusable neglect existed because they had not received the court's order, which had been entered on April 15th,

until April 25th—one day after the deadline to file a notice of appeal.[3] *Id.* at 548. But the appellants there had been made aware of the court's decision earlier, because it had issued a memorandum opinion on March 24, and a proposed order was served on April 5. *Id.* Noting that an appeal may be filed "after the bankruptcy court announces a decision or order—but before the entry of the judgment, order, or decree," Fed. R. Bankr. P. 8002(a)(2), the court concluded that their failure to timely file a notice of appeal amounted to "inadvertence, ignorance of the rules, or a mistake construing the rules", 169 B.R. at 551 (quoting *Pioneer*, 507 U.S. at 392), and was therefore not excusable neglect. *Id.*

The appellant in *In re Kaplan* also contended that her failure to receive the bankruptcy court's order warranted a finding of excusable neglect. 483 Fed App'x at 706. But considering that she was present at the hearing during which the bankruptcy court announced its decision, and had received the appellee's proposed order which stated the judgment, the Third Circuit affirmed the district court's determination that she had not demonstrated excusable neglect. *Id.* at 708.

---

[3] At that time, Rule 8002 set a ten-day time limit for filing a notice of appeal. 169 B.R. at 549.

Finally, in *In re Bayer*, the appellants' local counsel received by email the bankruptcy court's judgment against them in the underlying adversary proceeding the day it was entered. 527 B.R. 202, 205.  He immediately forwarded it to the appellants, and they asked him to refer an appellate attorney. *Id.* Further communication between the appellants, their local counsel, and their trial counsel broke down, and appellants failed to file a timely notice of appeal. *Id.* at 205–07.  Their arguments for extension centered on attorney abandonment and an assertion that they themselves had acted diligently. *Id.* at 210. As to the latter argument, the court, considering in part that they were aware of the adverse judgment as soon as it was entered, concluded that the appellants had not demonstrated diligence. *Id.* at 214.

Like the appellants in *Investors & Lenders*, *Kaplan*, and *Bayer*, the Appellants here knew that an order was forthcoming, because the Bankruptcy Court so advised them at the September 7th, 2022 hearing. But unlike the appellants in those cases, Appellants here did not know that the judgment would be adverse. Given the reliance by *Investors & Lenders* on Rule 8002(a)(2)'s allowance for a notice of appeal between announcement and entry of a decision—and *Kaplan*'s citation to *Investors & Lenders* on that score, *see* 482 Fed. App'x at 708—this distinction has some significance. It

would have been unreasonable to expect Appellants to file a notice of appeal before entry of an unknown judgment, for such a notice would have been futile had judgment been in their favor. So Rule 8002(a)(2) cannot undermine Appellants' claim of excusable neglect, as it did in *Investors & Lenders*.

This conclusion is not determinative here, though, because the Bankruptcy Court did not itself rely on 8002(a)(2). It instead reasoned more generally that Appellants, aware that a decision (either for or against them) was impending, had not fulfilled their obligation to monitor the docket. (Bankr. Doc. 182 at 31:19–25).

Appellants read *Pioneer* as "establish[ing] … that failure to receive a copy of the Order before the appeal deadline is 'excusable neglect.'" (Doc. 16 at 14). *Pioneer* said no such thing.[4] To the contrary, it has been recognized that pro se litigants, like all litigants, have a "responsibility to monitor the docket." *In re Barbel*, 212 Fed. App'x 87, 89 (3d Cir. 2006) (non-precedential); *Adonai-Adoni v. King*, 506 Fed. App'x 116, 119 (3d Cir. 2012)

---

[4] *Pioneer* affirmed the Sixth Circuit Court of Appeals' finding of "excusable neglect" to timely file a creditor's proof of claim where "the peculiar and inconspicuous placement of the bar date in a notice regarding a creditors' meeting, without any indication of the significance of the bar date, left a dramatic ambiguity in the notification." 507 U.S. at 398 (internal quotations omitted).

(non-precedential). And "inadvertence … "do[es] not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. 380, 392 (1993).

Appellant Harris stresses the fact that he was denied ECF access. (Doc. 16 at 11, 13–14). But he does not, nor could he, contend that mail delivery was the only other means by which to learn of the March Order. Indeed, he testified that he was periodically checking the docket following the September 7th hearing. (Bankr. Doc. 182 at 24:25–25:1). Although he was not granted access to the ECF filing system, he could have accessed the docket via the Public Access to Electronic Records (PACER) service.[5]

Against the above considerations, the Bankruptcy Court's conclusion that the third factor weighed against granting an extension was not a clear abuse of discretion. Further, Appellants misunderstand the Bankruptcy Court in their assertion that it found the other three factors weighing in their favor. (See Doc. 16 at 11, 14). The Bankruptcy Court expressly declined to consider the fourth factor. (Bankr. Doc. 182 at 32:1–5). And it was not an abuse of discretion for the Bankruptcy Court to rule against Appellants despite two factors weighing in their favor, because the *Pioneer* factors

---

[5] "PACER … is a service that provides electronic access via the Internet to case and docket information from the federal courts." *In re Zied-Campbell*, 282 Fed. App'x 998, 998 n.1 (3d Cir. 2008). Appellant Harris indicated his familiarity with PACER during the April 25th hearing. (Doc. 182 at 19:24–25).

- 13 -

inform an equitable determination, not a mathematical formula. *See* 507 U.S. at 395. Although "no one factor trumps the others," courts sometimes "rely … primarily on the third *Pioneer* factor." *In re Am. Classic Voyages Co.*, 405 F.3d 127, 134 (3d Cir. 2005); *see also Kaplan*, 482 Fed. App'x at 707 ("[C]ourts often focus on the third factor."); *Bayer*, 527 B.R. at 209. "[T]aking account of all relevant circumstances surrounding [Appellants'] omission," *Pioneer*, 507 U.S. at 395, the Bankruptcy Court had significant discretion when it found that the lack of an excusable reason for the delay outweighed the short length of, and limited prejudice resulting from, that delay, and that any finding of good faith would not upset that balance.

Remaining is Appellants' argument that their motion should have been granted because Appellee did not oppose it or appear at the hearing. First, the case cited here, *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 686 (2015), held that bankruptcy judges can adjudicate claims with the parties' consent which would otherwise require adjudication by an Article III judge; it did not address unopposed motions. At any rate, the court does not disagree with Appellants' proposition that Bankruptcy Judges *can* grant unopposed motions. But that does not mean they *must* do so.

Rule 8002(d) requires that the party moving for an extension "shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1)(B). It does not require

anything of the non-moving party. So a failure by the non-moving party to oppose an extension motion does not relieve the moving party of its 8002(d)(1)(B) burden, much less require the Bankruptcy Court to grant the motion. And there is nothing biased about rigidly applying legal standards. The Bankruptcy Court did not err on this ground.

### e. Due Process

Finally, Appellants "submit that failure to receive the subject Order before the deadline date also constitutes an abridgment/violation of Appellants' Due Process Right." (Doc. 16 at 14–15). First, this appeal is limited to the question whether the Bankruptcy Court abused its discretion in denying Appellants' motion.   Second, a certificate of notice filed on the bankruptcy court docket indicates that the March Order was sent to Appellants by first class mail on March 3, 2023. (Bankr. Doc. 150).[6] "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Centr. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The court concludes

---

[6] Appellants confirmed their current addresses, which are the same addresses listed on the certificate of notice, during the April 25th hearing. (Bankr. Doc. 182 at 22:8–9, 23:8–10).

that notice by first class mail sent two days after the order's docket entry was reasonably calculated to apprise Appellants of the order and afford them opportunity to present their objections.

## IV.    CONCLUSION

The court concludes that the Bankruptcy Court did not abuse its discretion in denying Appellants' motion to extend the time to file a notice of appeal. The Bankruptcy Court's order will therefore be affirmed and the Appellants' appeal of that order dismissed. An appropriate order will issue.


                                                    *s/ Malachy E. Mannion*
                                                    **MALACHY E. MANNION**
                                                    **United States District Judge**

**DATE: April 5, 2024**
23-744-01

- 16 -